# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| SECURITIES and EXCHANGE COMMISSION,<br>          Plaintiff – Appellee,<br>   v.<br><br>JASON M. COPE,<br>          Defendant – Cross Defendant –<br>          Appellant,<br><br>MILAN CAPITAL GROUP, INC.,<br>          Defendant – Counter-Claimant,<br><br>IRA A. MONAS, MICHAEL IRWIN LAMHUT,<br>INVESTMENT OFFICES, dba AC FINANCIAL,<br>INC., SANDS POINT INTERNATIONAL CORP.,<br>MICHAEL'S CAPITAL CONSULTANTS, INC.,<br>HWK CONSULTANTS, INC.,<br>          Defendants – Cross Defendants,<br><br>RITA A. MONAS, MICHAEL IRWIN LAMHUT,<br>JENNIFER MONAS, DOUGLAS H. MONAS,<br>          Defendants. | Docket No. 14-2385cv |

**FELLHEIMER & EICHEN LLP'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR APPELLANT JASON M. COPE AND FOR EXTENSION OF TIME**

   FELLHEIMER & EICHEN LLP ("F&E"), hereby files its Motion for Leave to Withdraw as Counsel of Record and for Extension of Time ("Motion") for Defendant-Appellant Jason M. Cope, and in support thereof, states as follows:

**I.     BACKGROUND**

   Appellant, Jason M. Cope ("**Mr. Cope**") was a defendant in an action in the United States District Court for the Southern District of New York brought by Appellee, Securities and Exchange Commission ("**SEC**") in January 2000 against Cope and co-defendants Milan Capital Group, Inc. ("**Milan**"), Ira A. Monas ("**Monas**"), Michael Lamhut ("**Lamhut**"), and Investment

Offices d/b/a AC Financial, Inc. ("**AC Financial**") (the "**2010 SEC Litigation**").  In August 2001, pursuant to the SEC's motion for summary judgment, the District Court entered judgment against Milan, Monas, AC Financial and Mr. Cope jointly and severally for $8,370,680 in disgorgement, $1,024,386.67 in prejudgment interest, and $854,316.61 in fees and costs to the Receiver ("**August 2001 Judgment**").

In October 2013, the SEC moved to hold Mr. Cope in contempt for failure to pay the August 2001 Judgment.  Shortly thereafter, James P. Sammon, Esquire ("**Attorney Sammon**"), moved to appear *pro hac vice*, which motion was granted, and entered his appearance on behalf of Mr. Cope.  Following a contempt hearing, by Order dated February 12, 2014, the trial court ordered the parties to address the issue of the proper outstanding judgment against Mr. Cope.

On March 3, 2014, Mr. Cope engaged F&E as counsel to represent him in the litigation and Alan S. Fellheimer, of F&E, entered his appearance on behalf of Mr. Cope.  *See* Attorney Certification of Alan S. Fellheimer, Esquire ("Fellheimer Cert."), at ¶ 3, attached hereto as **Exhibit A**.  Attorney Sammon remained as counsel for Mr. Cope.  Thereafter, F&E, on behalf of Mr. Cope, filed a Motion to Determine the Proper Outstanding Judgment Amounts (Disgorgement and Prejudgment Interests), which was denied by the trial court in an Order filed on June 23, 2014.  The Notice of Appeal was filed on July 1, 2014.

## II. RECENT EVENTS NECESSITATE THE WITHDRAWAL OF F&E AS COUNSEL OF RECORD FOR MR. COPE

On September 18, 2014, the SEC filed another civil complaint against Mr. Cope (as well as a number of other defendants) in the United States District Court for the Southern District of New York, captioned *Securities and Exchange Commission v. Jason Cope, et al.*, Docket No. 14-cv-7575 ("**2014 SEC Litigation**").  *See* Complaint in the 2014 SEC Litigation, attached hereto as **Exhibit B**.  One of the defendants in the 2014 SEC Litigation is Izak Zirk de Maison (f/k/a Izak Zirk Engelbrecht) ("**Mr. de Maison**").  In addition, the United States commenced a criminal action against Mr. de Maison in the United States District Court for the Northern

District of Ohio, captioned *U.S.A. v. de Maison*, Docket No. 14-mj-3131-GW-1 ("**de Maison Criminal Proceeding**"). *See* Complaint in the de Maison Criminal Proceeding, attached hereto as **Exhibit C**. Mr. de Maison was arrested on September 18, 2014 and presently remains in detention at a federal facility. *See* Fellheimer Cert., **Ex. A**, at ¶ 5. F&E has acted as counsel to Mr. de Maison for some time and F&E's participation is vital to Mr. de Maison's defense in his criminal matter. *See id*. at ¶ 4. The U.S. Attorney in the de Maison Criminal Proceeding as well as counsel for the SEC in the 2014 SEC Litigation have objected to F&E representing both Mr. Cope and Mr. de Maison. *See id*. at ¶ 6. As a conflict exists and F&E's representation of Mr. de Maison in his Criminal Proceeding is crucial, F&E must seek this Court's leave to withdraw as counsel for Mr. Cope in all matters, including this appeal.

Moreover, as of the date of this Motion, Mr. Cope owes more than $35,000 to F&E for legal services rendered and out-of pocket expenses incurred in this matter. *See id.* at ¶ 7. Despite repeated requests for payment, Mr. Cope has failed to pay F&E its legal services rendered and expenses incurred in this matter. *See id*. at ¶ 8. Indeed, other than the payment of the original retainer, Mr. Cope has not agreed to pay F&E going forward for legal services. *See id*. at ¶ 9. Indeed, Mr. Cope does not appear to have the means to pay this firm, as all of his assets have been recently frozen by Order in the 2014 SEC Litigation. *See* Temporary Restraining Order, attached hereto as **Exhibit D**. In fact, since recent events, Mr. Cope has not taken any telephone calls from F&E and F&E has been unable to speak with Mr. Cope. *See* Fellheimer Cert., **Ex. A**, at ¶ 10. Therefore, in light of the existing conflict, Mr. Cope's failure to pay F&E (and his apparent inability to pay in the future), and F&E's unsuccessful attempt to speak with Mr. Cope, F&E respectfully requests leave to withdraw as counsel of record for Mr. Cope.

In addition, the recent events as outlined above constitute extraordinary circumstances that support the extension of time to file a brief in this appeal. In order to preserve Mr. Cope's

rights (especially since F&E has been unable to speak with Mr. Cope), F&E respectfully requests an extension of time for Mr. Cope to file the opening brief in this appeal (which is currently due October 14, 2014), to allow Mr. Cope to retain substitute counsel in this matter.

III. **NOTICE TO AND POSITION OF APPELLEE, U.S. SECURITIES AND EXCHANGE COMMISSION**

On October 3, 2014 this firm contacted counsel for the U.S. Securities and Exchange Commission advising of the instant motion in accordance with Local Rule 27.1(b). Fellheimer & Eichen LLP has been advise by Jacob Loshin, Esquire, Office of General Counsel, Appellate, U.S. Securities and Exchange Commission, that "the SEC does not oppose your motion to withdraw as counsel in the Second Circuit appeal (No. 14-2385) and the SEC will not be filing opposition to the Motion.

IV. **CONCLUSION**

For the foregoing reasons, F&E respectfully requests 1) leave to withdraw as counsel of record for Mr. Cope; and 2) an extension of time for Mr. Cope to file the opening brief in this appeal.

Dated: October 4, 2014

Respectfully submitted,

**FELLHEIMER & EICHEN LLP**

*/s/ Alan Fellheimer*
Alan S. Fellheimer, Esquire
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Tel: (646) 833-0383 // Fax: (646) 833-0384
Email: alan@fellheimer.net
*Attorneys for Defendant-Appellant, Jason Cope*